1 | KAREN P. HEWITT
United States Attorney
2 | STEVEN J. POLIAKOFF
Assistant U.S. Attorney,
3 | California Bar No. 188231
Office of the U.S. Attorney
4 | Federal Office Building
880 Front Street, Room 6293
5 | San Diego, California 92101-8893
Telephone: (619) 557-7117

FILED

2007 MAR 29  AM 10: 51

CLERK US DIST.
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

6

Attorneys for Defendant United States of America

7

UNITED STATES DISTRICT COURT

8

SOUTHERN DISTRICT OF CALIFORNIA

9

10

HENRY COOKE                              )        Case No. 06cv0616-BEN (NLS)
11                                        )
                  Plaintiff,             )
12                                        )
          v.                              )        AGREEMENT FOR COMPROMISE
13                                        )        SETTLEMENT AND RELEASE
UNITED STATES OF AMERICA                 )
14                                        )
                  Defendant.             )
15 _____)

16       1.  Plaintiff Henry Cooke ("Plaintiff" or "Cooke"), and Defendant United States of America

17  ("Defendant" or "United States") agree to settle and compromise all claims asserted or that could be

18  asserted by Plaintiff in any capacity on account of the events alleged or arising from Plaintiff's

19  Complaint through and including the date of execution of this settlement agreement by all parties.

20       2.  Plaintiff and Defendant desire to resolve fully, completely and absolutely all issues raised

21  by the Complaint, as well as any and all other claims, grievances, appeals, and/or lawsuits relating to

22  Plaintiff's Complaint against Defendant without incurring the time or the expense of further

23  proceedings. Plaintiff and Defendant also desire to resolve fully and completely any known or unknown

24  claims as more fully set forth below.

25       3.  Defendant expressly denies any violation of any statute, ordinance, rule, regulation, policy,

26  order or other law. Defendant also expressly denies any liability involving or relating in any way to the

27  Complaint or otherwise relating to Plaintiff's alleged injuries or death arising from the medical and

28  surgical care which Plaintiff received at United States' Health Care Facilities. Accordingly, this

OK PER COURT

1

06CV0616

1    Agreement does not constitute an adjudication or finding on the merits of Plaintiff's allegations and it

2    is not, and shall not be construed as, an admission by Defendant of any violation of any statute,

3    ordinance, rule, regulation, policy, order or other law, or any liability alleged in the Complaint or

4    otherwise relating to Plaintiff's alleged injuries.   Moreover, neither this Agreement nor anything in it

5    shall be construed to be or shall be admissible in any proceeding as evidence of, or an admission by

6    Defendant, of any violation of any statute, ordinance, rule, regulation, policy, order or other law, or of

7    any liability alleged in the Complaint or otherwise relating to Plaintiff's alleged injuries.   This

8    Agreement may be introduced, however, in any proceeding to enforce the Agreement.

9        4.      In consideration for this Agreement, Defendant agrees to pay the sum of Two Hundred

10   Thousand Dollars ($200,000.00) to Plaintiff. Payment may be made by electronic funds transfer. The

11   funds shall be transferred and deposited as follows:

12                   Jeanne A. Steffin, Esquire, Attorney-Client Trust Fund

13                             Bank of America

14                          C.A.S. Trust Accounting #1664

15                             P.O. Box 37001

16                          San Francisco, CA 94137

17                       Payee Account Number 1664612351

18                       ABA Routing Number 121000358

19       Plaintiff's undersigned attorneys, Martin M. Berman and Jeanne Anne Steffin, shall be responsible

20   for disbursing the settlement.

21       5. In consideration for this Agreement, Plaintiff agrees to:

22               a. Completely, unconditionally, irrevocably and absolutely  release Defendant and its

23   agencies, facilities, former and current agents, and former and current employees, from any and all

24   claims that Plaintiff has, or may have against them, including but not limited to attorney's fees and

25   costs, as of the date of execution of this settlement agreement; and

26               b. Dismiss with prejudice the above-captioned action and withdraw or dismiss with

27   prejudice all other administrative claims, complaints (formal or informal), grievances, appeals, or other

28   actions filed against Defendant and its agencies, facilities and any former or current agents or employees

06CV0616

1    of Defendant which relate to Plaintiff's Complaint and which are pending as of the date of execution

2    of this Agreement.  Plaintiff further agrees that he will not seek any further review as to any of the

3    dismissed or withdrawn actions, claims, complaints, grievances, or appeals.

4              6. Plaintiff and his counsel agree to execute and deliver to the Court and Defendant's respective

5    counsel any and all documents which may be necessary to cause the above-captioned action to be

6    dismissed with prejudice.

7              7.  It is understood and agreed that the Two Hundred Thousand Dollars and Zero Cents

8    ($200,000.00) cash settlement detailed above includes any and all attorneys' fees and costs incurred in

9    litigating the above-captioned action to which Plaintiff's attorneys are entitled, including any and all

10   attorneys' fees and costs incurred in every administrative proceeding associated with the above-

11   captioned action and any and all other claims, grievances, appeals or lawsuits relating to Plaintiff's

12   Complaint.  It is further understood that neither Plaintiff nor his attorneys will  seek further recovery

13   from Defendant.  It is also understood and agreed that Defendant makes no representations regarding

14   the tax consequences resulting from receipt of the proceeds of this settlement and that Plaintiff shall be

15   solely responsible for payment of all federal, state, and local taxes, if any, resulting from receipt of the

16   proceeds of this settlement.

17             8.  In consideration of the covenants undertaken herein above by Defendant, and for other good

18   and valuable consideration, receipt of which is hereby acknowledged, Plaintiff does hereby release,

19   absolve, and discharge Defendant and its agencies, facilities,  agents and employees, past, present and

20   future, and each of them (hereinafter collectively referred to as "Releasees") from any and all claims,

21   appeals, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, wages,

22   obligations, commissions, overtime payments, debts, expenses, damages, judgment, orders and liabilities

23   of whatever kind or nature in law, equity or otherwise, whether known or unknown to Plaintiff which

24   Plaintiff now owns or holds or has at any time owned or held and which arise out of the matters referred

25   to in this lawsuit, including, but not limited to:

26             a.      All claims arising by reason of any matter or thing alleged or referred to, directly

27   or indirectly or in any way connected with or arising out of, or which may hereafter be claimed to arise

28   out of, all or any of the matters, facts, events, or occurrences alleged or referred to in any of the

06CV0616

1 | pleadings or related documents on file in this action including but not limited to any and all claims

2 | regarding wrongful death which may arise or accrue; and

3 |          b.       All claims, grievances, appeals, and/or lawsuits arising out of or in any way

4 | connected with any loss, damage, or injury whatsoever, known or unknown, suspected or unsuspected,

5 | resulting from any act or omission, by or on the part of Releasees, committed or omitted prior to the date

6 | hereof and related to Plaintiff's Complaint.

7 |      9. By their signatures to this agreement, Plaintiff and his counsel understand that that portion

8 | of this settlement agreement which may be applied to attorney's fees and costs is limited pursuant to 28

9 | U.S.C. Section 2678.

10 |      10. It is the intention of Plaintiff in executing this instrument that it shall be effective as a bar

11 | to each and every claim, appeal, demand and cause of action herein above specified. In furtherance of

12 | this intention, Plaintiff hereby expressly waives any and all rights and benefits conferred upon him by

13 | the provisions of Section 1542 of the California Civil Code and expressly consents that this Agreement

14 | shall be given full force and effect according to each and all of its express terms and provisions,

15 | including those relating to unknown and unsuspected claims, appeals, demands and causes of action,

16 | if any, as well as those relating to any other claims, appeals, demands and causes of action herein above

17 | specified. Section 1542 provides:

18 |          A general release does not extend to claims which the creditor does not

19 |          know or suspect to exist in his favor at the time of executing the release,

20 |          which if known by him must have materially affected his settlement with

21 |          the debtor.

22 |      The provisions of all comparable, equivalent, or similar statutes and principles of common law

23 | of California, of the other states of the United States, and of the United States are also hereby expressly

24 | waived by Plaintiffs.

25 |      In connection with such waiver and relinquishment, Plaintiff acknowledges that he is aware that

26 | he may hereafter discover claims presently unknown or unsuspected or facts in addition to or different

27 | from those which he now knows or believes to be true, with respect to the matters released herein.

28 | Nevertheless, it is the intention of Plaintiff through this release, and with the advice of counsel, to fully,

1  finally and forever settle and release all such matters, and all claims relative thereto, that heretofore have

2  existed, now exist, or hereafter may exist between the Plaintiff on the one hand, and Defendant on the

3  other, arising out of Plaintiff's complaint.

4     11.  Plaintiff represents and warrants that he has not heretofore assigned or transferred or

5  purported to assign or transfer to any person, firm or corporation any claim, appeal, demand, right,

6  damage, liability, debt, account, action, cause of action, or any other matter herein released.  Plaintiff

7  agrees to indemnify and hold Releasees harmless against any claim, appeal, demand, right, damage,

8  debt, liability, account, action, cause of action, cost or expense, including attorney's fees, actually paid

9  or incurred, arising out of or in any way connected with any such transfer or assignment or any such

10  purported or claimed transfer or assignment.

11     12. Plaintiff further agrees to indemnify and hold Releasees harmless against any claim, action,

12  cause of action, appeal, demand, right, damage, debt, liability, account, cost or expense, including but

13  not limited to attorney's fees, arising out of or in any way connected with the events and circumstances

14  giving rise to his complaint.

15     13.  This Agreement and all covenants and releases set forth herein shall be binding upon and

16  shall inure to the benefit of the respective parties hereto, their legal successors, heirs, assignees,

17  representatives, attorneys and agents.

18     14.  The undersigned each acknowledge and represent that no promise or representation not

19  contained in this Agreement has been made to them and acknowledge and represent that this Agreement

20  contains the entire understanding between the parties and contains all terms and conditions pertaining

21  to the within compromise and settlement of the disputes referenced herein.  The undersigned further

22  acknowledge that the terms of this Agreement are contractual and not a mere recital.

23     15.  This Agreement and the provisions contained herein shall not be construed or be interpreted

24  for or against any party hereto because that party drafted or caused that party's legal representative to

25  draft any of its provisions.

26     16.  No court costs will be taxed to or owed to Plaintiff or Defendant and no interest will accrue

27  on the settlement proceeds.

28     17.  Plaintiff acknowledges that he is aware that he may hereafter discover facts different from,

1  or in addition to, those he now knows or believes to be true with respect to the claims, appeals, demands,

2  liens, agreements, contracts, covenants, actions, suits, causes of action, wages, obligations, debts,

3  expenses, damages, judgments, orders and liabilities herein released, and agrees the release herein shall

4  be and remain in effect in all respects as a complete and general release as to all matters released herein,

5  notwithstanding any such different or additional facts.

6       18. Plaintiff agrees that he will not make, assert or maintain against any person or party he has

7  released in the Agreement any claim, appeal, demand, action, suit or proceeding arising out of or in

8  connection with the matters respectively released herein, and agrees to indemnify and defend and save

9  harmless the Defendant and its agencies, facilities, agents and employees from such claims, appeals,

10  demands, actions, suits or proceedings.

11       19. Plaintiff acknowledges that he has read this Agreement, that he has consulted with his

12  attorney, who has discussed the terms and consequences of this Agreement, that he fully

13  understands his rights, privileges and duties under this Agreement and that he enters this Agreement

14  knowingly and voluntarily.

15

16  DATED:                         HENRY COOKE

                                    Plaintiff

17

18  DATED:  3/28/07

19                              MARTIN M. BERMAN
                            Counsel for Plaintiff
                            Henry Cooke

20

21  DATED:  26 March 2007

22                              JEANNE ANNE STEFFIN
                            Counsel for Plaintiff

23                              Henry Cooke

24  DATED:  3/28/07           KAREN P. HEWITT
                            United States Attorney

25

26                              STEVEN J. POLIAKOFF

27                              Assistant U.S. Attorney
                            Attorneys for Defendant

28                              United States of America

06CV0616